# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-305V

| | | |
|---|---|---|
| CHARLES E. MANDRIL, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 30, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*William E. Cochran*, Black McLaren, et al. PC, Memphis, TN, for Petitioner.

*Matthew Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On March 31, 2022, Charles Mandril filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet."). Petitioner alleged that he suffered from an acute immune-mediated vaccine injury with myositis as a result of receiving seasonal influenza and Tdap vaccines on April 3, 2019. Pet. at 1. On December 19, 2022, Respondent filed his Rule 4(c) Report recommending that compensation was not appropriate in this matter. *See* Report, dated Dec 19, 2022 (ECF No. 18).

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated October 27, 2023 (ECF No. 24) ("Mot."). He maintains that after an investigation of the facts and science relevant to the claim, he has determined that he would be unable to prove entitlement to compensation in the Vaccine Program, and that to proceed further would be unreasonable and

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

would waste the resources of the Court, Respondent, and the Vaccine Program. Mot. at 1. Petitioner also acknowledges that a decision dismissing the petition will result in a judgment against him, and that such a judgment will end all of his rights in the Vaccine Program. *Id.* And he has expressed a desire to exercise his rights to file a civil action in the future pursuant to 42 U.S.C. § 300aa-21(a)(2). *Id.* Petitioner also states that his counsel has discussed the dismissal with Respondent, and Respondent has no objection. *Id.* at 2.

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks an entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Hum. Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner's/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) suffered an injury that was actually caused by a vaccine. *See* Section 13(a)(1)(A) and 11(c)(1). Here, Petitioner proceeded with a causation claim, and would have needed expert support to receive entitlement. However, his recently-filed expert report consisted only of cursory, emailed answers to questions posed to one of Petitioner's treating physicians. *See* Ex. 19 (ECF No. 23-1) at 5 and 10. This physician could not say for certain what condition Petitioner had, and could not comment as to whether his symptoms persisted for six months (until October 2020) since she had not seen him since September 2019. *Id.* Otherwise, Petitioner acknowledges in his dismissal motion that he cannot meet his burden of proof.

Accordingly, I hereby **DISMISS** the Petition. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
